FILED
CLERK, U.S. DISTRICT COURT
12/13/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:23-cr-00622-SPG |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine and Possession of Methamphetamine with Intent to Distribute; 18 U.S.C. §§ 922(g)(1), (g)(8): Felon and Prohibited Person in Possession of Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| RODOLFO URIARTE, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about October 19, 2023, in Santa Barbara County, within the Central District of California, defendant RODOLFO URIARTE knowingly and intentionally distributed at least 50 grams, that is, approximately 110.9 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about October 29, 2023, in Santa Barbara County, within the Central District of California, defendant RODOLFO URIARTE knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 83.26 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[18 U.S.C. §§ 922(g)(1), (g)(8)]

On or about October 29, 2023, in Santa Barbara County, within the Central District of California, defendant RODOLFO URIARTE knowingly possessed ammunition, namely, three rounds of Poongsan Metal Corporation .223 caliber ammunition, one round of Tula Cartridge Works .223 caliber ammunition, fifteen rounds of Lake City Army Ammunition Plant .223 caliber ammunition, ten rounds of Remington .223 caliber ammunition, six rounds of GH Ammunition .223 caliber ammunition, one round of Industrias Tecnos .223 caliber ammunition, twelve rounds of Federal Cartridge Company .223 caliber ammunition, one round of Prvi Partizan .223 caliber ammunition, three rounds of Winchester .223 caliber ammunition, one round of Hornady Manufacturing Company .223 caliber ammunition, and 38 rounds of CCI / Speer 9mm Luger caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant URIARTE possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Second Degree Robbery, in violation of California Penal Code Section 211, with an enhancement under California Penal Code Section 12022.5 for the Personal Use of a Firearm in the Commission of a Felony, in the Superior Court for the State of California, County of Santa Barbara, Case Number 1144083, on or about May 9, 2005;

(2) Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379(a), in the Superior Court for the State of California, County of Santa Barbara, Case

1  Number 1144083, on or about May 9, 2005;
2       (3)  Assault with a Deadly Weapon, in violation of California
3  Penal Code Section 245(a)(1), in the Superior Court for the State of
4  California, County of Santa Barbara, Case Number 1346753, on or about
5  November 3, 2010; and
6       (4)  Inflicting Corporal Injury to a Spouse or Cohabitant, in
7  violation of California Penal Code Section 273.5(a), in the Superior
8  Court for the State of California, County of Santa Barbara, Case
9  Number 1452870, on or about November 5, 2014.
10      Additionally, defendant URIARTE possessed such ammunition
11 knowing that he was subject to a court order issued on June 7, 2022,
12 in the Superior Court of the State of California, County of Santa
13 Barbara, Case Number 22CR04068, which was issued after a hearing of
14 which he received actual notice and at which he had an opportunity to
15 participate, restraining him from harassing, stalking, or threatening
16 an intimate partner, and that by its terms explicitly prohibited the
17 use, attempted use, or threatened use of physical force against such
18 intimate partner that would reasonably be expected to cause bodily
19 injury.

## COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about November 6, 2023, in Santa Barbara County, within the Central District of California, defendant RODOLFO URIARTE knowingly and intentionally distributed at least 50 grams, that is, approximately 105.1 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[18 U.S.C. §§ 922(g)(1), (g)(8)]

On or about November 6, 2023, in Santa Barbara County, within the Central District of California, defendant RODOLFO URIARTE knowingly possessed ammunition inside of a privately manufactured firearm bearing no serial number (commonly referred to as a "ghost gun"), namely, one round of Federal Cartridge Company 9mm Luger caliber ammunition and eight rounds of Shoubra Company for Engineering Industries 9mm Luger caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant URIARTE possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Second Degree Robbery, in violation of California Penal Code Section 211, with an enhancement under California Penal Code Section 12022.5 for the Personal Use of a Firearm in the Commission of a Felony, in the Superior Court for the State of California, County of Santa Barbara, Case Number 1144083, on or about May 9, 2005;

(2) Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379(a), in the Superior Court for the State of California, County of Santa Barbara, Case Number 1144083, on or about May 9, 2005;

(3) Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court for the State of California, County of Santa Barbara, Case Number 1346753, on or about November 3, 2010; and

(4) Inflicting Corporal Injury to a Spouse or Cohabitant, in

violation of California Penal Code Section 273.5(a), in the Superior Court for the State of California, County of Santa Barbara, Case Number 1452870, on or about November 5, 2014.

Additionally, defendant URIARTE possessed such ammunition knowing that he was subject to a court order issued on June 7, 2022, in the Superior Court of the State of California, County of Santa Barbara, Case Number 22CR04068, which was issued after a hearing of which he received actual notice and at which he had an opportunity to participate, restraining him from harassing, stalking, or threatening an intimate partner, and that by its terms explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of Count Three and/or Count Five in this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

DECLAN T. CONROY
Assistant United States Attorney
General Crimes Section